## Lloyd *et al.* versus Thomas *et al.*

A firm dissolved in May, giving notice by publication and authorizing one to use the firm name as liquidating partner. In August, without the knowledge of his fellows, he drew notes payable to the firm, endorsed them with the firm name, had them discounted by bankers with whom the firm had never had dealings; the proceeds of the notes passed to the individual credit of the partner making them; there was evidence that the proceeds were applied to the firm debts. *Held,* that if the notes were bonâ fide for liquidation and the proceeds applied to payment of firm debts, the other partners would be liable.

May 19th 1875.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Centre county :* Of May Term 1875, No. 80.

This was an action of assumpsit, brought December 22d 1871, by William M. Lloyd and David Caldwell, trading as Lloyd, Caldwell & Co., against Jacob V. Thomas, Isaac Thomas and Joseph D. Thomas, trading as Jacob V. Thomas & Co.

The plaintiffs, who were bankers, were the holders of three promissory notes drawn by Jacob V. Thomas to the order of the defendants, and endorsed by them; the notes were all dated May 15th 1871; one was for $1250, payable in six months; another for $1500, also payable in six months; and the third for $1500, payable in seven months. These notes were discounted by the plaintiffs; the first, August 22d 1871; the second, August 29th 1871; the third, September 8th 1871; and the proceeds of all of them passed to, the credit of Jacob V. Thomas. The notes were unpaid at maturity, notice of dishonor was given to Jacob V. Thomas, and the notes were duly protected.

The defendants' firm was dissolved May 15th 1871, and the following notice of the dissolution was published the same month in newspapers in Bellefonte, where they carried on their business :—

" DISSOLUTION NOTICE.—Notice is hereby given that the partnership heretofore existing between Jacob V. Thomas, Isaac Thomas and Joseph D. Thomas, under the firm name of Jacob V. Thomas & Co., is this day (15th inst.), dissolved by mutual consent. The accounts of the firm will be settled by Jacob V. Thomas (who will continue the business), and who is alone authorized to use the name of the firm in settlement of the business.

JACOB V. THOMAS,
ISAAC THOMAS,
JOSEPH D. THOMAS."

Jacob V. Thomas made no defence to the suit.   Prior to May 15th 1871, the date of the notes, the defendants never had any dealings with the plaintiffs.   On the trial, December 2d 1874,

before Mayer, P. J., the foregoing facts appeared from the evidence of both parties.

Under objection and exception, the defendants further gave evidence by Jacob, that he endorsed the notes about the time they were discounted; he understood he had the right as liquidating partner, to use the name of the firm; he got the proceeds put to his credit with the plaintiffs; he could not tell exactly for what purpose he used the money; "I used them indiscriminately as money; I paid more of the firm's debts than the amount of these notes." He could not say whether any of the proceeds of these notes were applied to the firm's debts.

Isaac Thomas testified, that he had never seen the notes till the day before the trial; that he had no knowledge that they had been given; he never authorized their endorsement in the firm name, and had received no notice of protest. Jacob had authority in the dissolution to settle the old accounts of the firm; witness never took an active part in the business of the firm either before or after its dissolution; Jacob did all the business of the firm; when the firm dissolved Jacob got the property; Jacob did not pay any debts of the firm after dissolution; witness and Joseph made assignments for the benefit of creditors, to the same assignee, to pay the debts of the firm.

Jacob again testified, that the last two notes were made about the time he sent them for discount, the other possibly some time before; the reason he dated them back was that he used them as the representative of property he had taken from the firm; he did not draw as many notes at that time as he had taken property; he did not deliver them to Isaac and Joseph; he made them as he needed them; he paid debts after the dissolution till he failed—more than these notes amounted to; none of the notes were dated till after the dissolution.

Plaintiffs, in rebuttal, gave in evidence a letter dated August 28th 1871, from Jacob to plaintiffs, in which, amongst other things, he says:

"I also enclose you another note for the old company, May 15th at 6 mos. for $1500, which, if done for them, please send $600 in notes per Haupt, and balance will check on another time."

Also, letter same to same, September 9th 1871, viz:—

"Yours of yesterday to hand, covering draft returned for non-acceptance. As you charged up the draft you should have given me credit with difference of interest. I would much rather you had not charged it up against the company note, but held it until due, when it will no doubt be met by the party, and if not I shall certainly expect to do so myself. I return it to show difference of interest, and if you do not hold it till due, I will have to raise the money some other way for the company."

Also, letter same to same, September 13th 1871, viz:—

" Yours of 9th to hand on Monday ; contents noted.   If I had supposed you would consider the notes to J. V. T. & Co. as accommodation paper for me, I should have had them kept in account by themselves, or had them done here for them.   They are as regular business paper as can be made, I having given them for stock on hands at the works when I took myself, and they are used exclusively for paying their accounts, not mine.  *  *  *  Don't you think you could do $1500 more for me this week with an endorser, or would you prefer doing another of mine for J. V. T. & Co.?''

Also, letter same to same, dated November 18th 1871, viz :—

" I have received no word or paper yet from the west, and am under the necessity of having you renew the two notes given J. V. Thomas & Co., due to-day.   I enclose two new notes as follows, both dated to-day, one at forty days for $1250, and the other at two months for $1500.''  *  *  *

The court charged :—  *  *  *

" Jacob V. Thomas, who drew the notes and endorsed the name of the firm upon them, admits his liability, and defence is only made by Isaac Thomas and Joseph D. Thomas, the other members of the firm.   They allege, and it is shown by the evidence, that the firm of Jacob V. Thomas & Co. was dissolved by mutual consent on the 15th day of May 1871, and that notice of dissolution of the partnership was given in the newspapers published in Bellefonte, where the business of the partnership was carried on : that although the notes bear date on the 15th day of May 1871, yet that they were antedated and were not drawn and endorsed until some time in August 1871, and at the time they were discounted by the plaintiffs.   The evidence in the case does not show that the firm of Jacob V. Thomas & Co., during the existence of the partnership, had any dealings with the plaintiffs, until these notes were discounted.   The notice, therefore, published in the newspapers, of the dissolution of this partnership, would be sufficient notice to the plaintiffs, and the fact that these notes were issued by Jacob V. Thomas and endorsed by him with the firm name, after the partnership was dissolved, is sufficient to exempt the other two members of the firm from being bound by the notes. The defence set up by Isaac Thomas and Joseph D. Thomas being, in our opinion, a valid one, and there being no controversy in regard to the facts, we instruct the jury to find for the defendants.''

The verdict was for the defendants, Isaac and Joseph D. Thomas.

The plaintiffs took a writ of error, and, amongst others, assigned for error the charge of the court.

*J. A. Beaver* (with whom was *A. A. Stevens*), for plaintiffs in error.

[Lloyd v. Thomas.]

*A. O. Furst* (with whom were *Alexander & Bower* and *W. P. Wilson*), for defendants in error.—The notes, although dated back, in law bore date the day of delivery: Lansing v. Gaine, 2 Johns. R. 300. The power of a partner to bind the firm ceases with its existence : 1 Parsons on Bills 174. A note endorsed by a partner out of the course of the partnership concern does not bind his fellow : Mercein v. Andrews, 10 Wend. 463; Schoneman v. Fegly, 7 Barr 438; Whitehead v. Bank of Pittsburg, 2 W. & S. 172; Searight v. Craighead, 1 Penna. R. 138; Levy v. Cadet, 17 S. & R. 127; Brown v. Clark, 2 Harris 469. Where a partner endorses his separate accommodation note with the firm name, it not being shown that he is in the practice of endorsing, the party discounting is put upon inquiry as to the partner's authority: Tanner v. Hall, 1 Barr 417.

Mr. Justice PAXSON delivered the opinion of the court, May 31st 1875.

We think the learned judge of the court below erred in instructing the jury that the mere fact that the notes in controversy were issued by Jacob V. Thomas, and endorsed by him with the firm name after the partnership was dissolved, exempted the other two members of the firm from being bound by the notes. Jacob was the liquidating partner; by the terms of the dissolution he was expressly authorized to use the firm name in the settlement of its business. If the notes were made and issued in good faith for the purposes of liquidation, and the proceeds applied to the payment of the firm debts, of which there was some evidence, the other partners would be liable. The evidence upon this point should have been submitted to the jury, and it was error to instruct them to find for the defendants.

Judgment reversed, and a *venire facias de novo* awarded.